Plaintiff, natural tutrix of the minor, Robert Blackstock, who was injured when the motorbike on which he was riding was struck by a car belonging to one of the defendants, filed this suit for more than $25,000 damage against the driver of the automobile and his insurance carrier. The specific acts of negligence alleged were: driving at a negligent and reckless speed; driving off the main portion of the road after dark; failure to keep proper lookout; failure to keep his car under control; failure to slow down sufficiently in heavy traffic and particularly the failure to slow down and stop when the driver saw, or should have seen, the motorbike and rider.
The defendant insurance company denied that the provisions of the policy were such as to cover the defendant driver at the time the accident occurred and in the alternative, pleaded that the automobile was traveling at a moderate rate of speed on its proper side of the street and that the accident occurred when the minor — a well matured young man and a member of the Marine Corps of the United States — negligently ran into and collided with the right side of the automobile.
Defendant Buckner, driver of the automobile, after filing an exception of no cause of action, answered, denying any negligence on his own part and alleging that young Blackstock, at the time of the accident, was operating the motorbike without lights on its left side of the street and negligently collided with the Buckner automobile and that the accident occurred solely as a result of young Blackstock's negligence. Both defendants made the alternative plea that should Buckner be found negligent, young Blackstock's operation of his motorbike on the left side of the street and his failure to take measures for his own safety constituted contributory negligence and barred recovery. *Page 423 
The District Court, in a written opinion, found that the accident resulted from the negligent operation of the motorbike. The case is now before us on appeal from a judgment rejecting plaintiff's demands.
The record shows that George Buckner, on the night of the accident, was driving his automobile west on Forsythe Avenue near the entrance of the semicircular driveway into the Neville High School grounds in the city of Monroe, Louisiana. Several other cars, proceeding east, with normal lights, had just passed him when he felt an impact against the front of his automobile. He stopped his car almost within its own length and upon investigation, found the damaged motorbike on the side of the blacktop street and young Blackstock stretched out on the road some ten feet behind his car. The Buckner car at the time of the accident was being operated at a speed of approximately 30 miles an hour. Young Blackstock, back on furlough from the Marine Corps, was operating a borrowed motorbike west along Forsythe Avenue and testified that he had turned around in front of the school and was coming back east over Forsythe Avenue on the north (left) shoulder. Young Blackstock received a broken leg and such a severe jolt to his head that he was unable to recall what happened after he had turned around and crossed over Forsythe Avenue. He gives no light on what he was doing or the course of the motorbike in the last few seconds preceding the collision. Defendant Buckner testified that he was traveling on the blacktop street and the first time he knew of the presence of the motorbike was when he felt the impact against his car at the time of the accident.
There is considerable conflict of testimony as to whether the light on the motorbike was in operating condition and if so, whether or not it was burning at the time of the injury. We conclude that the preponderance of this testimony shows that the motorbike was without lights at the time of the collision. The evidence also establishes that the Buckner car was on the main portion of the highway after the collision and every indication is that the same was true at the time of the impact.
Plaintiff alleged that Forsythe Avenue was being used on the night in question by many pedestrians, boys, girls and adults. However, the record does not bear out this contention. Other than the drivers of the two vehicles, there were no witnesses to the accident, nor is there any testimony as to any considerable traffic in the immediate vicinity at the time of the accident.
To sum up, we find from the record that the motorbike, at the time of the collision had been driven by Blackstock across the highway and into the path of defendant's oncoming automobile; that it cannot be determined from the evidence whether or not the motorbike had been operated on the defendant's side of the road long enough for the defendant — regardless of the fact that he did not see it — to be chargeable with knowledge of the presence of the motorbike and the resultant peril of Blackstock. A serious question is presented as to whether or not, under these circumstances, defendant's failure to see the motorbike prior to the collision constituted actionable negligence. However, the record establishes beyond doubt that Blackstock, at the time of the collision, was negligently operating the motorbike on defendant's half of the road. Under these circumstances, granting that defendant Buckner was guilty of negligence, Blackstock is barred from recovery by his contributory negligence, unless the doctrine of last clear chance is applicable.
Plaintiff, in a supplementary brief, called this Court's attention to the cases of Locke v. Shreveport Laundries, Inc., 18 La. App. 169, 137 So. 645; Odom v. Long, 26 So.2d 709; Mickens v. F. Strauss Son, Inc., La. App., 28 So.2d 84 and Bernstein v. Cathey Carrell Truck Lines, La. App., 32 So.2d 403.
We have examined these cases and find each distinguishable from the case at bar. In the Odom case the collision occurred when plaintiff overtook and ran into the rear of a light trailer attached to and drawn by the automobile of defendant. The defendant reconvened and the District Court rejected the demands of both litigants. On an appeal by plaintiff, this Court held that plaintiff was negligent in failing to observe the trailer which was *Page 424 
traveling at a slow rate ahead of him in the same direction in which plaintiff was traveling.
In the Mickens case, this Court sustained a judgment maintaining an exception of no cause of action to the petition filed by plaintiff, in which he alleged that defendant had left a trailer angling across the entire half of the highway. The Court held that the plaintiff — despite any negligence of defendant in leaving the trailer on the highway — was barred from recovery by his own contributory negligence in not keeping his vehicle under such control as to be able to stop after defendant's trailer came within the range of his lights and vision.
In the Bernstein case, the plaintiff, who had run into defendant's parked vehicle, was denied recovery because of his negligence in not keeping his car under such control and observing such lookout as to stop his vehicle before striking the obstacle which he saw, or should have seen, in front of him.
In none of the above three cases did the Court hold that the one who was responsible for the obstacle being in the road was free of contributory negligence.
The case of Locke v. Shreveport Laundries, supra, is more nearly in point. In the Locke case the wife of the deceased was awarded damages for her husband's death who was run down by defendant's truck while walking on the highway at night. There the truck driver was blinded by the lights of an approaching automobile and struck plaintiff's husband while traveling at a rate of speed held by the Court to be too high under the circumstances.
As stated by the Supreme Court in the case of Gaiennie v. Cooperative Produce Co., Inc., et al., 196 La. 417,199 So. 377, each case involving unexpected obstacles and contributory negligence must be decided upon its own facts and circumstances. In the Locke case, this Court held that the action of the pedestrian in walking upon the wrong side of the road was not a proximate cause of the accident and denied defendant's plea of contributory negligence.
In the Locke case the driver of the truck did not see the pedestrian until after he had been struck and to that extent it is similar to the case at bar. In the case before us, we consider that the defendant Buckner, who testified that he did not see Blackstock at all and only knew of the collision because he felt the impact, was guilty of negligence in not maintaining a proper lookout and in not seeing what he should have seen.
On the question of contributory negligence, it must be borne in mind that a motor driven bicycle — or any bicycle — is considered a vehicle within the definitions contained in the highway regulatory act. While plaintiff has cited the Locke case as authority for the fact that under some circumstances it is not contributory negligence for a pedestrian to be on the wrong side of the highway, we know of no holding by any of the Louisiana appellant courts that a driver operating a motor vehicle on the wrong side of the highway is not, in the event of a collision with an oncoming car, guilty of contributory negligence.
The doctrine of last clear chance is not applicable under the state of facts shown by the record. There is no testimony from any witness that the motorbike was in Buckner's lane of traffic any appreciable length of time or that Blackstock's course of travel was such as to place him in the range of Buckner's lights for a sufficient time for Buckner to observe him and stop the automobile before striking the motorbike.
Having found the driver of the automobile not liable, it is unnecessary to pass upon the defenses raised by the other defendant as to the coverage included in its policy.
The judgment appealed from is affirmed, with costs. *Page 425