JANVIER, Judge.
This suit for damages was brought by Joseph Franicevich for the death of his wife, a pedestrian who was struck by the car of the defendant, Jules John Lirette, as she was crossing a highway in the Town of Buras, Louisiana, at about two o’clock on a clear afternoon.
The charge of negligence is that when Mrs. Franicevich had almost crossed the first lane of the paved highway, the car owned and driven by defendant struck her and “knocked her to the pavement”; that the said Lirette was operating the car at excessive speed, gave no warning, did not swerve his car, and did not take “any precaution whatever to avoid striking” her.
The defendant, admitting the occurrence of the accident, denied any negligence on his part and averred that the accident had resulted solely from negligence of Mrs. Franicevich, and in the alternative that any negligence on his part should be shown, averred that the accident resulted solely from the contributory negligence of Mrs. Franicevich who “ran onto the highway from a place of safety into the path of the oncoming vehicle,” and “failed to stop before attempting to cross the highway and failed to observe the oncoming automobile * s¡c sfc »
From a judgment in favor of plaintiff in the sum of $6,100 defendant has appealed suspensively. Plaintiff has answered the appeal, praying that the amount of the judgment be increased to $10,000.
There is very little disagreement over the facts. The defendant was operating his car in a down-river direction on the highway which has a paved surface eighteen feet in width, on each side of which pavement there is a shelled shoulder slightly less than eight feet in width.
The .record leaves no doubt that plaintiff’s wife was walking across the highway from the west to the east side at a speed approximately four miles an hour, and that she was struck after she had crossed the shelled shoulder and about seven feet of the concrete portion of the road.
There is nothing which would justify a conclusion that, as defendant approached the point of ultimate impact, the speed of his car was excessive. It obviously was between 23 and 24 miles an hour, which was below the admitted legal limit of 25 miles per hour. There was presented remarkably interesting expert testimony by Professor A. Lee Dunlap of Tulane University which sets forth the distance covered in one second by a moving object at any given speed and in which there is also shown the normal reaction time of the operator of an automobile who is suddenly confronted with an emergency. What is meant by “reaction time” is simply the time of transference from instinctive realization to action when a person, without any hint that an emergency is about to confront him, is suddenly required to take action to avert the catastrophe which the emergency seems to present.
From the length of the skid marks, Dr. Dunlap expressed the opinion that when the defendant instinctively realized that there was danger of an accident the front end of his car was 52.41 feet from the point of ultimate impact and that at that instant Mrs. Franicevich was 13.38 feet from that point. Counsel for plaintiff maintain that the truth is that, when Mrs. Franicevich was 13.38 feet from the point of impact, defendant’s car must have been 78.9 feet from that point and that, therefore, he had ample time and distance within which he could have stopped, or sounded a warning, or could have swerved to one side or the other.
The conclusion which we have reached makes it unnecessary that we determine whether, when defendant instinctively realized that there was danger, his car was about 78 feet away or was only about 52 feet away since we think that, even if it was only 52 feet from the ultimate point of impact and Mrs. Franicevich was *320 13 feet from that point and was walking without in any way indicating that she was aware of the approaching car, defendant was at fault in not avoiding her. The fact is that he says that he did not see her at all until she was directly in front of his car. He says: “ * * * when I seen this lady, she was in front of me, in front of my car and too close, just enough to pick her up, when I put the brakes on * * Later in his testimony appears the following:
“Q. Now where was she when you first saw her? A. Just about the center of my car.”
And a little later he said that Mrs. Franice-vich was struck by the left front light of his car, indicating that she had crossed not only the shoulder of the road and several feet of the paved portion, but had almost passed across the entire front of the car. When asked in what direction she seemed to be looking, he said: “She was looking in the other direction.”
In fairness to defendant, it must be concluded that before he struck the unfortunate woman, he must have instinctively realized that there was danger because, as shown by Dr. Dunlap and as is evident without expert advice, no person however alert can possibly react without the lapse of some portion of a second. Therefore, since it is evident that the skid marks commenced just as the front of the car struck Mrs. Franicevich, when we take into consideration the reaction time, it becomes apparent that defendant, without realizing it, instinctively noticed the impending accident when the front of his car was some distance from the fatal point.
The question which confronts us is whether he should have noticed her sooner than he did and whether he should have appreciated the danger when he still had an opportunity to avoid the accident. There was no obstruction to his view. He himself said that there were no cars parked on the right shoulder. Mrs. Franicevich could not have been looking toward him or surely she would have noticed his car and, in fact, as already shown, he says that when he first noticed her she was looking in the opposite direction.
That he could have seen her is made evident by the testimony of Mrs. Wooley who had been operating her car on the other lane of the highway, going in the up-river or direction opposite to that in which defendant was going. Mrs. Wooley decided to make a U-turn and says that she saw that she could do so before defendant’s car reached the point at which the turn could be completed. As she commenced this turn she looked to her left, and, on the opposite side of the road, she saw Mrs. Franicevich “coming off the porch of the house across the road.” She said that as she made the U-turn Mrs. Franicevich “started towards the road” and that as she “looked back to see about the traffic, Mrs. Franicevich was still coming to the highway.” At that time she saw defendant’s car and says that it was far enough back for her “to get out of his way before he got too close,” and that the defendant “was driving very slow, around twenty or twenty-five miles per hour.” She completed the turn and looked into her rear-view mirror and saw that “this woman stepped out in front of the car.”
We conclude that had defendant been on the alert, he could easily have seen Mrs. Franicevich as she was approaching the road and could have determined that it was her purpose to cross the road, and that he could have determined this when there was still an opportunity to sound a warning, or to stop his car, or to swerve it to one side or the other.
Since the decision of the Supreme Court in Rottman v. Beverly, 183 La. 947, 165 So. 153, the courts of this State have uniformly applied what is referred to as the doctrine of discovered peril under which it has been held that there is liability in an automobile operator who, had he been on the alert, could have avoided striking a person who is in a position of peril of which that person is unaware or from which that *321 person is unable to extricate himself. And that doctrine has been extended by the decision in Jackson v. Cook, 189 La. 860, 181 So. 195, to include the situation in which the defendant does not actually discover the peril but should have done so, provided, of course, that at the time at which the peril should have been discovered there was an opportunity for the defendant to avoid the accident.
It is true that there have been many cases, such as Fontenot v. Freudenstein, La.App., 199 So. 677, in which it has been held that the operator of a car, noticing a person near the side of the road or street, may be justified in assuming that that person is aware of the approach of the car and will stop and remain in a safe position, but for the application of that doctrine the actions of the persons must justify the assumption that the approaching automobile is seen and that the person will not step into its path. The doctrine of Fontenot v. Freudenstein, supra, is not applicable here for, as already shown, the actions of Mrs. Franicevich would not have indicated that she was aware of the approaching car and intended to stop.
There are no exact figures which can be said to apply to all cases of this kind. Under some circumstances it may be that an automobile driver should appreciate the danger when he is a great distance away, and under other circumstances it may be that he should not be charged with negligence for failing to realize the imminence of an emergency when he is only a few feet away.
We think that under all of the circum stances — the unobstructed view, the rather slow speed of the automobile, the obvious intention of Mrs. Franicevich to cross the road — the defendant was negligent in not realizing the danger and in not taking steps to avoid it at a time when he would have had ample opportunity to do so had he been on the alert.
When we come to consider the amount of the award, we reach the conclu-sion that it is inadequate. It is impossible to place a monetary value on the loss of life, but it is necessary that we resort to other decisions merely to keep the awards as nearly uniform as is possible, though, of course, we realize that in each case the facts are different. In Toney v. Pope, 110 So.2d 226, the Court of Appeal for the First Circuit, in which a wife was killed and the amount awarded to the surviving husband was under consideration, it was held that $7,500 was insufficient and the award was increased in favor of the husband to $10,-000.
Accordingly the judgment appealed from is amended by an increase in the amount awarded to $10,000, and, as thus amended, and in all other respects, the judgment is affirmed.
Amended and affirmed.