132 So.2d 82 (1961)
Jack D. LAWRENCE, Plaintiff & Appellant,
v.
A. Byron CORE, Jr., et al., Defendants & Appellees.
No. 311.
Court of Appeal of Louisiana, Third Circuit.
July 12, 1961.
Charles T. Everett, Crowley, for plaintiff-appellant.
*83 Mouton, Champagne & Colomb, by Patrick L. Colomb, Lafayette, for defendants-appellees.
Before CULPEPPER, FRUGE and SAVOY, JJ.
CULPEPPER, Judge.
In this tort action plaintiff individually and as administrator of the estate of his minor son seeks damages arising out of a collision between an automobile driven by the defendant, A. Byron Core, Jr., and a bicycle being ridden by the said minor. From an adverse judgment in the lower court, plaintiff has taken this appeal.
The accident occurred at approximately 8:30 P.M. on the night of December 21, 1956, on Louisiana State Highway 13 just outside the city limits of Crowley. The facts, as found by the trial judge and as fully supported by the evidence, are set forth in the lower court's well-considered reasons for judgment as follows:
"The facts show that young Lawrence, who was then between thirteen and fourteen years of age (the boy was actually twelve years of age at the time of the accident, but had almost reached his thirteenth birthday) was riding in a Northerly direction on a paved highway leading from Crowley to Eunice, with two of his friends, also on bicycles. The boys were en route to a place North of Crowley where they intended to witness a fireworks display. The night was dark and it had been raining. Core was traveling in his right lane in a southerly direction following an automobile being driven by Mrs. Gene Noble, whose testimony is in the record, having been taken by deposition. Mrs. Noble testified that she was traveling at approximately twenty or twenty-five miles per hour with a group of children in her car, and that shortly before she had stopped to discharge one of her passengers. Mr. Core had been following her for approximately one block and just prior to the accident blew his horn and blinked his headlights to indicate his intention to pass her vehicle. She states that at that time the three boys were riding on the paved portion of the highway, with young Lawrence in front, approximately in the middle of the lane; that they had no lights whatsoever, and that she did not see them until the moment Mr. Core began to pull out into that lane in order to pass her automobile. It is also her testimony that Core pulled into the left lane and was in the act of turning back to the right when his vehicle struck the Lawrence bicycle. The evidence is in conflict as to the position of the bicycles on the highway. Jack Lawrence, II, testified that he was riding on the shoulder of the road, and later said that he could have been maybe a foot on the pavement. One of his companions, young Winston Mader, indicates from his testimony that the Lawrence boy may have been on the paved portion of the highway, but not in the middle thereof, and he also states that when the Core vehicle pulled out to pass Mrs. Noble and the driver saw Lawrence he applied his brakes, turned to the right, and hit the bicycle a glancing blow.
"The accident occurred just outside of the city limits of Crowley.
"It was the testimony of Mr. Core that he was traveling thirty to thirty-five miles per hour at the moment when he attempted to pass the automobile in front of him. He had just left his home and was en route to Lafayette where he was to attend a party. As he pulled into his left lane he perceived the boys on bicycles immediately in front of him and attempted, at that moment, to return to his proper side of the road but was unable to do so in time to avoid this unfortunate occurrence."
*84 Under these facts our brother below concluded it was doubtful that Mr. Core was guilty of any negligence whatsoever, but, regardless of this issue, that the plaintiff's recovery is barred by the contributory negligence of young Lawrence in riding on this busy highway at night with no lights.
In our opinion, the trial judge correctly concluded that the Lawrence youth was guilty of contributory negligence. It is well established that a normal, intelligent minor, twelve years of age, can be guilty of negligence. See Hargus v. New Orleans Public Service, 9 La.App. 117, 118 So. 847 and the authorities cited therein.
A bicycle, even though not motordriven, is considered a vehicle within the definitions contained in the Highway Regulatory Act. See LSA-R.S. 32:1(27) and Fuller v. Buckner et al., La.App., 38 So.2d 422.
With reference to the lights required on such vehicles, LSA-R.S. 32:295 provides as follows:
"Bicycles; front and rear lamps
"Every bicycle shall be equipped with a lighted lamp on its front, visible under normal atmospheric conditions from a distance of at least three hundred feet in the front, and shall be equipped with a reflex mirror or lamp on the rear, exhibiting a red light, visible under like conditions from a distance of at least two hundred feet to the rear."
In the instant case, there can be no question in view of the above statutory requirements, that the Lawrence boy was negligent in riding his bicycle at night on the paved portion of the highway without any headlights. Having so concluded we shall next address ourselves to plaintiff's principal argument, which is that even though the injured minor was negligent, such negligence was only the remote cause and the negligence of Mr. Core was the sole proximate cause of the collision.
As we understand plaintiff's argument, it is that Mr. Core should have seen young Lawrence in time to avoid striking him. The evidence discloses that Mr. Core had been following behind Mrs. Noble for a distance of approximately one block at a speed of approximately 25 miles per hour with his lights in the dim position and that he then blew his horn and blinked his headlights to indicate his intention to pass and as he pulled out into the passing lane he flicked his lights to the high beam position and, at that instant, simultaneously saw Mrs. Noble's brake lights come on and saw the Lawrence boy on his bicycle in the highway approximately 25 feet ahead. Mr. Core instantly applied his brakes and cut to the right but was unable to avoid the collision. It is noted that both Mrs. Noble and Mr. Core saw the boys at approximately the same time. Mr. Core testified that at the time he first say the youth he had accelerated to about 35 miles per hour in his passing maneuver.
Plaintiff contends that Mr. Core, even with his lights in the dim position, should have been able to see 200 feet ahead and that if he had seen the boy at this distance he would have been able to avoid striking him. However, the evidence does not disclose that Mr. Core could have seen the boys any sooner than he did, either before or after he pulled out to pass. As he was following behind Mrs. Noble, it is very possible that Mr. Core's view of the youths was blocked by Mrs. Noble's car. Furthermore, his lights in the dim position were directed down his right lane of traffic and there is no evidence that they afforded sufficient vision of the boys in the left lane of traffic, at an undisclosed distance ahead, so that Mr. Core should have seen young Lawrence before he started his passing operation. When he pulled out to pass, Core's headlights naturally shifted to the left in the direction of the boys and the evidence discloses that he almost instantly saw them *85 but was unable to apply his brakes and cut to the right in time to avoid striking young Lawrence. It is therefore our opinion, that the evidence is insufficient to show that Mr. Core could or should have seen the Lawrence youth any sooner than he did or in time to avoid the accident. It is perhaps unnecessary to state that this is the only way in which Mr. Core could have been negligent, since the evidence clearly shows that he was driving at a reasonable and legal speed, and was operating his vehicle in a reasonable and legal manner.
Although the plaintiff, citing Harvey v. Great American Indemnity Company, La.App., 110 So.2d 595 and Mouton v. Pacific Indemnity Company, La.App., 102 So.2d 563, has argued the legal doctrine that the boy's negligence was only a remote cause and that the alleged negligence of Mr. Core was the sole proximate cause of the accident, it is our opinion that the legal principle actually involved here is more often called "last clear chance" or "discovered peril". See Jackson v. Cook, 189 La. 860, 181 So. 195. The jurisprudence of this state is well settled that one, who seeks recovery under the doctrine of last clear chance or discovered peril, has the burden of establishing all of the facts essential to make this doctrine applicable, and that these facts must be proved and will not be presumed. See the very recent case of Franicevich v. Lirette, 1961, 241 La. 466, 129 So. 2d 740, and the cases cited therein. It is our opinion, that in the instant case, plaintiff cannot recover under the doctrine of last clear chance or discovered peril, because he has failed to establish the essential element of that doctrine, that Mr. Core became aware of, or should have become aware of, the boy's peril in time to avoid the accident.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.