McBRIDE, Judge.
This is a claim for property damage and personal injuries asserted by Louis P. Le-moine against Claude Vicknair and the latter’s liability insurer, in solido, arising out of a collision between the automobiles of Lemoine and Vicknair, which happened a few minutes before sunrise on December 19, 1957, in the intersection formed by Phospher Avenue and the outbound roadway of Veterans Memorial Highway, Parish of Jefferson.
After a trial on the merits, plaintiff’s demands were dismissed, and Vicknair recovered judgment in reconvention against Lemoine for $333.87. Plaintiff has appealed.
Phospher Avenue runs in a north-south direction and crosses the highway at a right angle. Veterans Memorial Highway is bisected by a canal which separates the inbound roadway from the roadway accommodating outbound traffic. On Phospher Avenue a bridge spans the canal, and according to the evidence this bridge has concrete sides.
The record convinces us of the correctness of the judgment. Vicknair was driving in the outbound roadway on the highway, the Phospher Avenue Bridge being to his left. The collision occurred just as four feet of Lemoine’s car had entered upon the highway when the left front of Vicknair’s car, traveling at 25-30 miles per hour, ran into the right front portion of Lemoine’s vehicle. Lemoine had traversed the bridge and intended to cross the outbound roadway. When he had reached the middle of the bridge, he saw the Vick-nair car approaching from his right about a block away. He claims he stopped in the middle of the bridge but admits he paid no further heed to the other car. He started forward and crossed the remainder of the bridge utterly oblivious of the progress of Vicknair’s vehicle. It was only when he emerged into the outbound roadway that he became conscious of the close proximity of the oncoming car. He says he stopped in the roadway so as to back up in order to get out of Vicknair’s path and the crash then ensued.
Lemoine’s testimony is all that is necessary to convict him of the negligence with which he is charged, to-wit: failure to have his car under proper control, failure to look and see what was obvious, and failure to yield the right of way to Vicknair who was approaching from his right (see LSA-R.S. 32:237, subd. A). In addition, the morning in question was overcast and as it was before sunup, Lemoine should have had his headlights switched on as required by LSA-R.S. 32:290.
Vicknair’s version is sufficient to absolve him from any negligence proximating the accident. Because of the fact that Le-moine’s lights were not illuminated coupled with the circumstance of the concrete side of the bridge, Vicknair was prevented from-observing the Lemoine car until it left the bridge to enter the 20-foot strip of ground between the abutment of the bridge and the edge of the outbound roadway when Vick-nair was but 40 to 48 feet away. Vicknair assumed, which he had the legal right to do, that Lemoine would stop before reaching the outbound roadway and accord him his' right of way, but realizing when he was but 24 feet removed from Lemoine’s car that it was not going to stop, he immediately applied his brakes but without effect as the stopping space was insufficient.
Lemoine did not acquire the right of way by virtue of a pre-emption ■ of the roadway. His vehicle had barely entered upon the paved strip of the highway when the Vicknair car struck it. The emergence of only about four feet into the intersection was not sufficient to constitute a preemption thereof.
*300 It is argued on appellant’s behalf that Vicknair was negligent in that he did not swerve his vehicle and go around the front of the Lemoine car instead of attempting to stop. Vicknair, due to Lemoine’s entrance into the roadway directly in his path, was confronted with a sudden emergency which was of Lemoine’s making. In endeavoring to stop he took the step he thought best to avert a collision, and for doing so he cannot be held guilty of negligence. An automobile driver is not to be charged with negligence for a failure to exercise the best judgment in an attempt to extricate himself from a perilous situation not of his own creation. Snodgrass v. Centanni, 229 La. 915, 87 So.2d 127; Parent v. Patterson Truck Lines, Inc., La.App., 106 So.2d 27; Brock v. Southern Farm Bu reau Casualty Insurance Company, La.App., 94 So.2d 492; Peltier v. Travelers Ins. Co., La.App., 49 So.2d 346; Newstadt v. Motor Freight Lines, Inc., 18 La.App. 15, 135 So. 628.
The amount of reconvenor’s damage is not at issue.
For the above reasons, the judgment is affirmed.
Affirmed.