TATE, Judge.
The plaintiff alleges that he was struck by an automobile driven by Mrs. Albert Newcomb. He sues Mrs. Newcomb’s liability insurer to recover for his personal injuries. His employer’s compensation insurer intervened under its subrogation claim to seek recovery for compensation benefits paid to the plaintiff, who had been injured at work.
The trial court dismissed the suit. The plaintiff and the intervenor appeal.
The plaintiff Moreau is an elderly kitchen helper employed at the charity hospital in Pineville. While at work in the early afternoon, he was moving a garbage can across a one-way driveway in the back of the hospital. The plaintiff frankly admitted that, with his back to oncoming traffic, he commenced to roll the garbage can across the driveway without first having checked for oncoming traffic. Tr. 78. He testified that he was struck from the rear by Mrs. New-comb’s vehicle after he had reached the center of the driveway.
The substantial question of the appeal concerns whether Mrs. Newcomb had the last clear chance to avoid the accident.
As stated in Belshe v. Gant, 235 La. 17, 102 So.2d 477, 479:
“Under the last clear chance doctrine as enunciated by Louisiana jurisprudence, a motorist who observes or who should by the exercise of reasonable care have observed another in a position of peril may be held responsible for injuries caused by an ensuing collision with the other despite any contributory negligence on the part of the latter if, after the duty to make such observation arose, the motorist could reasonably have avoided the accident. [Citations omitted]”
See also Keenan v. Wactor, La.App. 3 Cir., 130 So.2d 800, and cases therein cited.
All witnesses concede that the accident occurred when the plaintiff was about in the center of the 16-foot roadway. The plaintiff and one witness testified that he had been struck by Mrs. Newcomb’s automobile. Mrs. Newcomb and another eyewitness testified that the plaintiff, while carrying the garbage can, simply fell down upon the near approach of the Newcomb vehicle.
However, as able counsel for the appellant suggests, the legal issue involved is not whether the Newcomb automobile actually struck the plaintiff. The crux of the legal dispute involves whether Mrs. Newcomb saw or should have seen the plaintiff while he was crossing the street in time for her reasonably to have avoided the accident, caused either by her striking him or by her startling him into falling because of an emergency stop which would not have been occasioned had she maintained the required lookout.
Mrs. Newcomb testified that she was approaching at a speed of about 10 mph, looking for a parking space in the rear of the hospital. She testified that the plaintiff suddenly left the side of the road and entered into her path just 15 feet in front of her, whereupon she impiediately applied her brakes and stopped five feet short of hitting the plaintiff, who however fell down, apparently in fear of the near approach of the Newcomb vehicle.
On the other hand, the plaintiff’s able counsel contends that the plaintiff must have been in the roadway a longer period of time, since it is conceded that the spot where he fell or was knocked down was approximately in the center of the 16-foot roadway and also at a diagonal from the point *694 from which he had commenced to roll or carry the can. Counsel advances certain calculations, assuming a very slow rate of progress by the plaintiff in rolling the garbage can, by reason of which it is shown that Mrs. Newcomb must have been a sufficient distance away at the time the plaintiff started to roll his can across the driveway, so that she could and should reasonably have seen him in time to have avoided striking or nearly striking the plaintiff.
Although this is a forceful argument, the difficulty for us to accept it, is that it requires this court to make certain assumptions as to the plaintiff’s rate of progress which are not in the record. For instance, there is actually no evidence that the plaintiff was rolling the garbage can very slowly. We do not believe that we can assume that a kitchen helper who performed the act two or three times a day must necessarily have moved so slowly, as to require us to hold that he must have been in the street a sufficient length of time under the circumstances so as to require the application of the last clear chance doctrine.
Basically, the trial court accepted as truthful the account of the accident given by Mrs. Newcomb, under which she is exculpated from liability; and the trial court further rejected the version of the accident given by the plaintiff.
Under these circumstances, despite the forceful argument by appellant, we are unable to hold that the trial court committed manifest error in rejecting the plaintiff’s claim. The plaintiff has the burden of proving his case by a preponderance of the evidence; further, the plaintiff who seeks recovery under the last clear chance doctrine has the burden of “establishing all of the facts essential to make this doctrine applicable”, Franicevich v. Lierette, 241 La. 466, 129 So.2d 740; 742-743. This burden the plaintiff has not carried, accepting as not manifestly erroneous the trial court’s evaluation of the witnesses and its findings of fact.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the plaintiff-appellant.
Affirmed.