164 So.2d 185 (1964)
Homer SCOTT
v.
Jerome GLAZER and Lumbermens Mutual Casualty Company.
No. 1430.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1964.
Rehearing Denied June 1, 1964.
*186 Thomas J. D'Aquila, New Orleans, for plaintiff-appellee.
Hammett, Leake & Hammett, Donald Hammett, New Orleans, for defendants-appellants.
Before SAMUEL, TURNER and BARNETTE, JJ.
SAMUEL, Judge.
This suit for personal injuries and property damages resulting from an automobile collision was brought by the driver of one of the two cars involved. Defendants, the driver of the other car and his liability insurer, answered averring that the accident was caused solely by plaintiff's negligence, alternatively pleaded contributory negligence and reconvened for damages to the defendant car. The trial court judgment was in favor of plaintiff on both the main and reconventional demands. Based on an application of the doctrine of last clear chance, it awarded damages to plaintiff in the amount of $1,980.98 and dismissed the reconventional demand. Defendants have not appealed from that part of the judgment which dismisses the reconventional demand. They have appealed from the judgment on the main demand and rest their case on contributory negligence.
The accident happened between 7 and 8 a. m. in the intersection of Cameo and Jewel Streets in the City of New Orleans. The intersection is not controlled by semaphore lights, signs or any other devices; neither street is favored. Plaintiff was traveling west on Jewel Street and the defendant driver was on Cameo Street going south. Thus the defendant vehicle was approaching from plaintiff's right. Both drivers entered the intersection without stopping. The front of the defendant car struck the right side of plaintiff's vehicle. The impact took place near the center of the intersection but at that time the plaintiff vehicle was farther into the intersection than was the defendant car. After impact plaintiff's vehicle was propelled approximately 60 feet in the general direction in which the defendant vehicle had been traveling and the latter came to rest near the point of impact.
The record contains the testimony of only two eye witnesses to the accident, the respective drivers. Each testified he was traveling 20 miles per hour and the other vehicle was traveling 50 miles per hour or more. However, each also testified that he first saw the other vehicle at the time of, or just momentarily before, the impact. At the scene of the accident the defendant driver told the investigating officer he first noticed the plaintiff vehicle just as he, the defendant driver, was starting to enter the intersection and the accident happened before he could stop; and plaintiff told that officer he first noticed the defendant vehicle as he, plaintiff, was crossing the intersection. It is therefore obvious that neither driver observed the other vehicle long enough to estimate its speed. Nor are we able to arrive at any reliable conclusion as to speed from what happened to the vehicles after the impact and where they came to rest.
We are satisfied that plaintiff was guilty of contributory negligence. Under the provisions of Sec. 38-133(b) Traffic Ordinance, City of New Orleans the defendant driver enjoyed the statutory right-of-way as a result of the fact that he approached the intersection from plaintiff's right. Both drivers should have seen the other vehicle approaching and failed to do so. Neither made any attempt to observe approaching vehicles and neither exercised the degree of care and caution required of an uncontrolled intersection. That the plaintiff failed to do so is apparent from his testimony. For several blocks before reaching Cameo Street the intersections he had crossed had stop signs favoring Jewel Street and he was under the impression, even at the time of trial, that he had the right-of-way.
*187 In this court plaintiff contends he enjoyed the right-of-way by reason of having pre-empted the intersection. We cannot agree with the contention. Before he can successfully rely on pre-emption a motorist must show that he entered the intersection at proper speed and sufficiently in advance of the car on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle; entry into the intersection just a fraction of a second ahead of the other vehicle does not create a pre-emption. Glass v. Toye Brothers Yellow Cab Company, La.App., 160 So.2d 329; Bell v. Duplessis, La.App., 150 So.2d 114; Shipley v. Schittone, La. App., 148 So.2d 918; McDonald v. Bramel, La.App., 147 So.2d 68; Lemoine v. Vicknair, La.App., 144 So.2d 298; Graffagnino v. Warwick, La.App., 141 So.2d 434.
In the instant case plaintiff negligently entered the intersection just a fraction of a second ahead of the defendant car without making any attempt to be on the lookout for approaching vehicles on Cameo Street. He did not pre-empt the intersection within the meaning of the rule.
The trial court was also of the opinion that plaintiff was negligent as is shown by his finding that the defendant driver had the last clear chance and by his application of that doctrine. Last clear chance necessarily presupposes contributory negligence on the part of the litigant in whose favor the doctrine is invoked. But we cannot agree that the last clear chance doctrine is applicable here.
A litigant relying upon the doctrine of last clear chance has the burden of proving all facts and circumstances essential to its application. Pate v. State Farm Mutual Automobile Ins. Co., La.App., 147 So.2d 766; Phares v. Biggs, La.App., 135 So.2d 507; Fontenot v. Travelers Indemnity Company, La.App., 134 So.2d 330; Lawrence v. Core, La.App., 132 So.2d 82; Franicevich v. Lirette, 241 La. 466, 129 So.2d 740. Before the doctrine can be successfully invoked three essential facts must be established: (1) that the person invoking the doctrine was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that the person against whom the doctrine is invoked actually discovered or was in a position where he could and should have discovered such other person's peril; and (3) that at such time the person against whom the doctrine is invoked could have avoided the accident with the exercise of reasonable care. Sonnier v. Great American Insurance Company, La.App., 134 So. 2d 363; Lavigne v. Southern Farm Bureau Casualty Ins. Co., La.App., 125 So.2d 430; Clark v. Shannon, La.App., 120 So.2d 307; Wells v. Meshell, La.App., 115 So.2d 648; Moore v. Shreveport Transit Company, La. App., 115 So.2d 218; Newton v. Pacillo, La.App., 111 So.2d 895.
The facts in the instant case do not support an application of the doctrine of last clear chance. It is true that after entering the intersection plaintiff was in a position of peril from which he was unable to extricate himself and the defendant driver could and should have discovered such peril. But at that time the defendant driver could not have avoided the accident; it was much too late. There is no more justification for holding that the defendant driver had the last clear chance than there is for holding that the plaintiff had the last clear chance.
For the reasons assigned, the judgment of the trial court is reversed only insofar as it is in favor of the plaintiff on the main demand and it is now ordered that there be judgment, on the main demand, in favor of the defendants, Jerome Glazer and Lumbermens Mutual Casualty Company, and against the plaintiff, Homer Scott, rejecting said main demand at plaintiff's cost. In all other respects the judgment is affirmed; all costs in this court to be paid by plaintiff-appellee.
Affirmed in part; reversed in part.