REGAN, Judge.
The plaintiffs, Mr. and Mrs. Harry J. Kevlin, filed this suit against the defendant, Victor Demarest, endeavoring to recover the sum of $195.65, representing the damage incurred by their automobile as the result of an intersectional collision, which they assert was caused by the negligence of the defendant’s minor son, Victor Demarest, Jr., in the course of operating his father’s automobile.
The defendant answered and denied the foregoing accusations of negligence. In addition thereto, he filed a reconventional demand against the plaintiffs, Mr. and Mrs. Kevlin, and a third party petition against their son, Gerald Kevlin, who was the operator of his parents’ automobile, seeking to recover the sum of $100.00, representing that portion of the damage to his vehicle which was not covered because of the $100.00 deductible provision contained in his contract of insurance.
The Kevlins answered and, of course, denied the allegations of fault asserted in the reconventional demand and the third party petition.
Following a trial on the merits, the lower court rendered a judgment in favor of the plaintiffs in the amount of $195.65, and dismissed the defendant’s reconventional demand and third party petition.
From that judgment, the defendant and plaintiff in reconvention has prosecuted this appeal.
The record discloses that on or about January 2, 1965, at approximately 1:30 o’clock P.M., the plaintiffs’ son, Gerald Kevlin, was engaged in operating his parents’ automobile in Arthur Drive in the general direction of the Mississippi River in the City of New Orleans. Simultaneously, the defendant’s minor son, Victor Demarest, Jr., was driving his father’s automobile in Hammond Street in the general direction of uptown. Each of these roadways accommodate two-way traffic, and counsel agree that both operators were driving in the right hand lane of their respective streets when the collision occurred about midway in this intersection.
The Demarest vehicle was struck on its right rear fender by the left front section of the Kevlin vehicle which stopped almost at the point of impact; however, the Dema-rest vehicle continued in its path for almost 160 feet before its momentum ceased.
Counsel for the defendant and plaintiff in reconvention has conceded, both in his brief and during the course of oral argument before this court, that young Demarest was at fault in the operation of his parents’ vehicle. However, he insists that Kevlin was guilty of contributory negligence and that he possessed the last clear chance to avoid the accident.
The evidence is undisputed to the effect that Kevlin approached the intersection from the right, thereby enjoying the statutory directional right of way. He testified that prior to the occurrence of the accident he was moving at about 15 to 20 miles per hour in Arthur Drive, and when he saw the Demarest vehicle suddenly speed into the intersection, he immediately applied his brakes, coming to a complete stop at approximately the moment of impact.
He explained that he observed the approach of the offending vehicle when it was 25 to 30 feet removed from the intersection and that it was traveling at such a rapid rate of speed that he was unable to stop his automobile before the other vehicle drove directly into his path. It is thus ap *338 parent from a cursory reading of the record that Kevlin was operating his vehicle at a lawful rate of speed, enjoyed the directional right of way, and did all that was reasonable and within his power to avoid the accident. However, the Demarest vehicle was traveling at too high a rate of speed for Kevlin to avoid it, and the collision occurred through no fault of his.
Insofar as the defendant’s contention that the plaintiff possessed the last clear chance to avoid the accident, it is appropriate to point out that a litigant is required to establish three essential elements before the doctrine may be invoked in his behalf. It must be proved (1) that the person invoking the doctrine was in a position of peril of which he was unaware or from which he was unable to extricate • himself, (2) that the person against whom the doctrine is invoked actually discovered or was in a position where he could have discovered such other person’s peril, and (3) that at such time the person against whom the doctrine is invoked could have avoided the accident with the exercise of reasonable care.[1]
To reiterate, only for the purpose of emphasis, we are convinced that the plaintiff could not have avoided the accident since he was engaged in the exercise of reasonable care when it was precipitated because of the gross negligence of the defendant’s minor son; accordingly, the doctrine of “last clear chance” is not applicable to the facts hereof.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant and plaintiff in recon-vention is to pay all costs incurred herein.
Affirmed.

. See Scott v. Glazer, 164 So.2d 185 (La.App.1964.)