BAILES, Judge.
This tort action was instituted by plaintiff to recover damages, both physical and property, allegedly suffered by him in a collision between the motorcycle he was riding and an automobile of which the defendant was the public liability insurer. The automobile was owned by E. S. Fielding, and was being driven by his minor daughter, Miss Mary P. Fielding. The trial court rejected the plaintiff’s demand, at his costs. From this adverse judgment, plaintiff appealed. We find the trial court correctly resolved the issues between the parties and affirm the judgment.
For the most part, the facts are not in serious dispute. It appears from the record of the testimony of witnesses who testified that Miss Fielding, accompanied by four of her young friends, was proceeding west on Boston Street, the main street of Coving-ton, and that she had stopped at the intersection of Boston Street and Lee Road. Coming toward her from the opposite direction was a line of automobiles, the first of which had also stopped at this intersection preparatory to making a left turn onto North Lee Road. As the automobile facing Miss Fielding started making its left turn, Miss Fielding began making her left turn; thus' each automobile was turning in opposite directions. As Miss Fielding turned across the center line of Boston Street, the plaintiff drove his motorcycle from behind the vehicle facing Miss Fielding and passed to the right of the other left turning vehicle. As Miss Fielding proceeded into her left turn, the plaintiff passed in front of her automobile. As this was done, Miss Fielding’s automobile struck the left rear of plaintiff’s motorcycle with its left headlight. Miss Fielding testified that she saw the plaintiff only a moment before the impact, and the plaintiff testified that he, at no time, saw the Fielding vehicle prior to the time it struck his motorcycle.
The trial court made the following observation in denying the plaintiff’s demands: “The Court is inclined to believe *397 that a proximate cause of the accident was due to the left turning motor vehicle. At the same time there is indication of contributory negligence on the part of the plaintiff in overtaking, going around, and passing at the intersection at the right. Failing to see what he should have seen and failing to exercise due care and diligence to avoid the accident.” Further, the trial court stated in its reasons for judgment that “The trial court is satisfied that the plaintiff was contributorily negligent and for this reason his prayer will be denied.”
We believe no useful purpose would be served in detailing the testimony of the witnesses who testified for the stated reason there is no important dispute of a material fact.
The plaintiff makes the following specification of errors of the trial court: 1. The Court erred by not finding that Miss Mary Fielding had the last clear chance to avoid the accident at issue. 2. The Court erred by failing to allow appellant to recover against a defendant whose negligence the Court found to be the proximate cause of the accident. 3. The Court erred by not permitting appellant to recover against a defendant who negligently, turning left into an intersection, crashed into the rear side of appellant’s vehicle.
The resolution of the alleged errors of the trial court will be made in our determination of whether plaintiff was guilty of contributory negligence and whether defendant had the last clear chance to avoid the accident.
While we entertain serious doubt that defendant’s insured driver, under the facts related supra, was actually guilty of actionable negligence, for the purposes of this opinion we will assume, arguendo, that Miss Fielding was guilty of negligence that was a proximate cause of this collision. Because of the particular facts of this case, clearly distinguishable from the usual and prototype left turn accident in which usually the driver of the vehicle struck by the left turning vehicle is absolved at fault, the plaintiff must be held guilty of acts of contributory negligence herein. In this instant case, the plaintiff was in a line of vehicles which were halted by its lead vehicle which desired to make a left turn. This plaintiff, when he left the line of vehicles and turned to his right to proceed to the intersection, should have seen Miss Fielding signalling, both with her hand and arm and with her electric left turn indicator, her intention to make the left turn across the projected path of plaintiff. In attempting to pass through this intersection in this manner, it was the clear duty of the plaintiff to make sure that the intersection could be crossed in safety. This he failed to do because he testified that he did not see the Fielding vehicle at any time prior to impact. Obviously, he was not keeping a proper lookout ahead, and thereby he was guilty of negligence that proximately contributed to the occurrence of the collision.
[2] Considering now whether Miss Fielding had the last clear chance to avoid the accident, we find that before this doctrine is applicable or operative, three elements must exist: 1. The plaintiff must be in a position of peril of which he is unaware or unable to extricate himself; 2. The defendant must have discovered, or should have discovered, the plaintiff’s peril; and 3. This discovery by defendant must have been made at a time when the defendant could have avoided the accident by the exercise of reasonable care.
In applying this test to the facts surrounding this accident, we find that the doctrine of last clear chance has no application here for the reason that Miss Fielding had committed her vehicle to a left turn before she discovered plaintiff’s presence and peril created by his emergence from behind the other left turning vehicle and his entrance into the intersection. See Burnett v. Marchand (La.App.1966) 186 So.2d 383.
*398 For the reasons assigned, the judgment of the trial court is affirmed, at plaintiff’s costs.
Affirmed.