HALL, Judge.
Ivy P. Glynn filed this suit against Alton J. Duvernay and his liability insurer for and on behalf of his sixteen year old son, Walter Glynn, seeking damages for injuries to his son who was struck by an automobile owned and operated by the defendant Du-vernay. Subsequent to the filing of suit Walter Glynn became emancipated by marriage and was substituted as party plaintiff in his own right.
Trial on the merits resulted in a judgment in favor of defendants dismissing plaintiff’s suit. Plaintiff appealed.
The accident occurred on Transcontinental Drive in Metairie between 8 and 8:30 P.M. on September 11, 1965. At this time Transcontinental Drive was a two way *788 blacktopped street running from Veterans Highway on the north in a southerly direction toward the River. The accident occurred about one mile south of Veterans Highway at an uninhabitated portion of the street. There were no lights and no cross streets, and each side of the street was grown up in weeds. There were no sidewalks but the authorities had cut a walking space two to three feet wide along the curb of the street. At the time of the accident the weather was rainy and puddles of water had collected in the street near the catch basins which were clogged with debris from Hurricane Betsy which had hit just two days before.
The only witnesses to the accident and the events proceeding it were the defendant Duvernay, Duvernay’s wife, and the plaintiff, Walter Glynn.
The facts as testified by Duvernay are as follows: He was driving south on Trans-continetal Drive at 20 to 25 miles per hour. His wife was in the front seat beside him holding her eleven month old child who was sleeping. He had his headlights on and his windshield wipers were operating. His automobile was in good operating condition. He was looking straight ahead down the road when he noticed a large puddle of water in the right hand lane in which he was driving and just as he started inclining slightly to the left to avoid the deepest part he saw plaintiff about ten to fifteen feet away in the act of jumping from the curb diagonally across the narrow end of the puddle directly into the path of his automobile. He jammed on his brakes and swerved to the left to avoid hitting the boy but was unable to do so. The boy was struck by the right side of the automobile hood and knocked to the pavement receiving injuries to his left leg and a mild brain concussion. Duvernay testified that he saw plaintiff for the first time just as he was about to jump from the curb across the puddle and that at no time prior to the accident had he seen him walking along the side of the road.
All that Mrs. Duvernay remembered seeing was the boy in the air just as he was struck.
Unfortunately plaintiff had absolutely no recollection of the accident itself. He did remember having been driven by his employer to the corner of Veterans Highway and Transcontinental Drive where he attempted to telephone his father to come pick him up. Finding the telephone out of order due to the hurricane he decided to walk to his home in West Metairie and set out walking south on the right hand or west shoulder of Transcontinental Drive. The last thing plaintiff remembered prior to the accident was walking on the shoulder of the road past a construction site which is located about half a mile north of the place where the accident occurred. The next thing he remembered was “waking up” in the hospital.
The Trial Judge accepted defendant’s testimony relative to the accident at face value and so do we. His testimony is not inherently unbelievable and we find nothing in the record which would cause us to doubt its truth in any particular.
Plaintiff contends that Mr. Duver-nay was guilty of negligence in that he should have observed plaintiff walking along the shoulder of the road prior to plaintiff’s attempt to jump across the puddle. Even had he seen him walking along the shoulder defendant owed plaintiff no duty to stop or slow down absent some indication that plaintiff would leave the safety of the shoulder.
We cannot agree with plaintiff’s contention that the last clear chance doctrine is applicable to this case.
It is well settled that before this doctrine is applicable three elements must exist: (1) The plaintiff must be in a position of peril of which he is unaware or unable to extricate himself; (2) the defendant must have discovered, or should have discovered, the plaintiff’s peril; and (3) this dis *789 covery by plaintiff must have been made at a time when the defendant could have avoided the accident by the exercise of reasonable care. Glatt v. Hinton, La.App., 205 So.2d 91; Bridges v. Insurance Company of North America, La.App., 199 So.2d 395; Landry v. Yarbrough, La.App., 199 So.2d 377; Newton v. Cousin, La.App., 182 So.2d 685; Jones v. Dozier, La.App., 160 So.2d 395.
Furthermore, as said by the Supreme Court in Franicevich v. Lirette, 241 La. 466, 129 So.2d 740:
“It is well settled that a plaintiff who seeks recovery under the doctrine of apparent peril has the burden of establishing all of the facts essential to make this doctrine applicable, and that these facts must be proved and will not be presumed. * * * ”
In the instant case plaintiff was not put in a position of peril until the moment he jumped from the safety of the curb into the street in front of defendant’s automobile. The record contains no evidence that defendant discovered plaintiff’s peril in time to avoid the accident and no evidence to show that he should have discovered it before he did. The only evidence is to the contrary.
Although Duvernay testified that he had not seen plaintiff walking along the shoulder prior to the accident that fact is immaterial absent proof that there had been some indication in plaintiff’s appearance or actions that he intended to or might leave his position of safety. See Franicevich v. Lirette, supra; McCartney v. Allstate Insurance Company, La.App., 197 So.2d 390; Sorrell v. Allstate Insurance Company, 179 So.2d 499, 501; Jones v. American Mut. Liability Ins. Co., La.App., 189 So. 169, 174.
We are of the opinion that the last clear chance doctrine is inapplicable to the facts of this case. We are of the further opinion that the sole proximate cause of the accident was plaintiff’s negligence in jumping from the curb directly into the path of defendant’s automobile.
For the foregoing reasons the judgment appealed from is affirmed; costs of both Courts to be borne by plaintiff-appellant.
Affirmed.