REGAN, Judge.
Plaintiff, Pierre Thibodaux, instituted this suit against the defendants, Norman Duet and his liability insurer, Lumbermens Mutual Casualty Company, endeavoring to recover the sum of $10,000.00, representing damages for the loss of love and affection of his minor son, Malvin Thibodaux, who died as a result of injuries he incurred when Duet’s vehicle struck the bicycle he was riding in Barataría Road.
The defendant insurer answered and denied liability. In explanation thereof, it pointed out that the family policy it had issued to Charles Duet, the driver’s father, covered a 1958 Edsel, which was not involved in the accident, but that the automobile implicated therein was a 1960 Mercury which was regularly used by the Duet family and not covered by insurance. In the alternative, it pleaded that the plaintiff’s son was guilty of contributory negligence in riding an unlighted bicycle. Further in the alternative, it pleaded that its liability was limited to the sum of $5,000.00.
The defendant driver answered and asserted that the accident resulted from the sole negligence of the bicyclist who was riding in a dark highway without lights on his bicycle at the time of the accident. In the alternative, he pleaded contributory negligence.
When the deceased was struck, he was-engaged in delivering newspapers for the Times-Picayune Publishing Company; therefore, its compensation insurer, Insurance Company of North America, intervened to recover the sum of $1,486.00, the amount it had paid in compensation as a. result of the boy’s death.
From a judgment awarding plaintiff $10,-000.00 and the intervenor $1,486.99,[1] the defendants have prosecuted this appeal.. The insurer was cast as the solidary obligor of Duet only to the extent of $5,000.00, its policy limits. The limitation of the insurer’s liability to $5,000.00 applied to both judgments rendered, that is, in this and the-consolidated case.
Plaintiff has answered the appeal, requesting an increase in quantum.
The case with which this one was consolidated involves a suit instituted by Enid Foret De Marco, the deceased boy’s mother, who is divorced from his father. For the reasons assigned in that case, entitled De Marco v. Duet and Lumbermens Mutual-Casualty Company, La.App., 153 So.2d 594,. the judgment appealed from herein is affirmed.
Affirmed.

. The plaintiffs have stipulated that the award to the intervenor should be deducted from their respective judgments as follows:
$1243.50 from the wife’s award
$ 243.49 from the husband’s award-