FRUGÉ, Judge.
This is a personal injury suit seeking damages for injuries sustained by Sarah Neal Coleman when she, as a pedestrian, was struck by the automobile driven by Mrs. Nellie Mason. Mrs. Mason’s husband, W. L. Mason, and her liability insurer, Grain Dealers Mutual Insurance Company, were joined in the suit as defendants.
A companion suit was filed by Grady Lee Leonard and Alice Mae Leonard, daughter of Sarah Neal Coleman, against the same defendants, 174 So.2d 658, seeking damages for injuries allegedly sustained in the same accident. The suits were consolidated for purposes of trial. After trial on the merits the district court rendered judgments for defendants, dismissing plaintiffs’ suits, from which judgments plaintiffs appeal. Separate judgments will be rendered by this court.
The accident occurred at approximately 3:45 P.M. on March 12, 1960, near the City of Pineville, Louisiana, on the blacktopped road known as “Bayou Maria Road.” At the location of the accident Bayou Maria Road is eighteen feet in width and runs generally east-west. Immediately prior to the accident, defendant, Mrs. Mason, was driving her automobile westward on Bayou Maria Road. Sarah Coleman, age 59 at the time of the accident, and her daughter, Alice Mae Leonard, had stepped off an eastbound bus on which they had been passengers just prior to the accident. On attempting to cross the road, they were struck by. the automobile driven by Mrs. Mason. Although defendants contend that Alice Mae Leonard was not actually struck by the automobile, the trial judge resolved that factual issue in favor of plaintiff, with which conclusion we agree.
Plaintiff Sarah Coleman testified that after stepping off the bus she and her daughter waited until the bus and three automobiles that had stopped behind the bus proceeded past them. After looking to see that the way was clear, they attempted to cross the road, walking at a fast pace at an angle to the left from where they had been discharged from the bus. She walked ahead of her daughter with her left arm extended to the rear, holding her daughter’s hand. The automobile’s right front fender *657 struck her when she was only about two feet from the north edge of the road. She did not see the vehicle before she was struck.
As stated by the trial judge, the testimony of Alice Leonard generally corroborates that of her mother. She testified that she was walking behind her mother holding her mother’s hand when they were hit by the automobile. She stated that the automobile knocked her back into the eastbound traffic lane.
Plaintiffs’ witness Edward Hunter, who • was near the scene of the accident, testified that although he did not actually see the automobile strike the plaintiffs, he did see them walking across the road at an angle just prior to the accident. He could not state whether they walked casually across the road or whether they walked at a fast pace.
Defendant Mrs. Mason testified that she was driving about 35 to 40 miles per hour when she observed the bus. . She then slowed to a speed of approximately 25 miles per hour. She saw the two plaintiffs standing on the side of the road and then saw the elder woman, Sarah Coleman, run across the road in front of her. Although she quickly and forcefully applied the brakes, she was unable to avoid striking Sarah Coleman. She did not think that Alice Leonard had actually been struck although she testified that after the accident Alice Leonard was lying in the road in the eastbound lane.
The trial judge was'most impressed with the testimony of defendants’ witness Charles Bryant, who was an eye witness to the accident. Mr. Bryant was in his automobile parked about fifty feet from the scene of the accident. He observed the two colored women standing on the side of the road after having stepped off the bus. He stated that the two women started across the road after the automobiles which had stopped behind the bus proceeded past them. He then saw Sarah Coleman jerk free of her daughter, who appeared to be holding her back, and run across the road, where she was struck by the Mason vehicle. It appeared to Mr. Bryant that the view of plaintiffs and of defendant, Mrs. Mason, was obstructed by the string of automobiles that had just passed in the eastbound lane. He estimated the skid marks left by the Mason vehicle as being from 15 to 20 feet in length.
Plaintiffs’ counsel appears to concede that Sarah Coleman and Alice Leonard were negligent in proceeding to cross' the road without making proper observations, since, in plaintiffs’ brief, reliance is principally made on the doctrine of last clear chance. We are of the opinion that pláintiffs did not exercise proper precaution’ and were therein negligent.
The doctrine of last clear chance may be applied only where the following essential elements are established: (1) that the person invoking the doctrine was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that the person against whom the doctrine is invoked actually discovered or was in a position where he should have discovered such other person’s peril; and (3)that at such time the person against whom the doctrine is invoked could have avoided the accident with the exercise of reasonable care. Scott v. Glazer, 164 So.2d 185, La.App. 4th Cir., and the many cases cited therein.
A litigant relying upon the doctrine of last clear chance has the burden of proving all the facts and circumstances essential to its application. Scott v. Glazer, supra; Pate v. State Farm Mutual Ins. Co., 147 So. 2d 766, La.App. 1st Cir.
The trial.judge,- having-correctly stated the law-, concluded •:
“Plaintiffs have not shown that Mrs. Mason had either time, distance or the opportunity to do anything effective to prevent the accident. Very simply, the' facts are that Sarah and Alice started *658 across the thoroughfare while their vision to the right was obstructed by a string of vehicles, and, at the same time Mrs. Mason, similarly handicapped, was unable to take observation of them at a time when preventive measures could have been taken.”
This court will not reverse the trial court’s findings of fact unless such findings appear manifestly erroneous. After thoroughly reviewing the record, we are of the opinion the trial judge has not manifestly erred in concluding that plaintiffs have failed to prove that Mrs. Mason had the last clear chance to avoid the accident or that she was in any way negligent. The judgment of the trial court dismissing the suit of Bud Coleman and Sarah Neal Coleman is affirmed. Plaintiffs shall bear the cost of this appeal.
Affirmed.