AYRES, Judge.
This is an action by plaintiffs, formerly husband and wife, for damages for the death of their daughter, Karen Elaine Lee, who, at the age of 9 years 9 months, was killed in a collision between a bicycle she was riding and a Dodge automobile owned and operated by Hudson Lee Miller. Made defendant was Miller’s liability insurer.
From a judgment rejecting plaintiffs’ demands, they appealed.
The accident occurred on State Highway 828 about 7}d> miles east of Farmerville about 5 :20 p. m. August 27, 1966. Defendant’s assured, proceeding easterly on the asphalt-surfaced highway, struck the child when she entered the highway from a neighbor’s driveway on the south side of the road to return to her home on the opposite side.
Negligence charged to Miller consists of failure to maintain a proper lookout, momentary distraction of attention from the highway, failure to maintain control of his automobile, and, finally, failure to take evasive action to avoid the accident notwithstanding he had the last clear chance to do so.
The highway upon which the accident occurred traverses a sparsely settled rural community. No circumstance sufficient to impose upon Miller a duty to anticipate the presence of children in the highway or a necessity for the exercise of extraordinary care was shown. Miller had lived in the community many years and was familiar with the highway. He had passed the scene of the accident almost daily for several years in going to and returning from work. During this period of years, Miller testified, he had never seen children riding bicycles in the highway.
The evidence does not establish that Miller’s observation and greeting of a friend and neighbor by waving his hand distracted his attention from his driving or diverted his sight from the highway. Miller testified he saw the child as soon as it was possible to see her before she entered the highway. Failure to observe the child sooner was due to an obstruction of the motorist’s view by an embankment and a growth of weeds or underbrush beyond which the driveway leading downward toward the highway could not be seen. Miller’s speed of approximately 55 m. p. h. was within the legal limits. No fact or circumstance was shown to indicate that his speed was unreasonable.
*518 Of importance in resolving the question of Miller’s fault vel non is the location or point of impact of the collision. As the child came down the driveway, she could only have been seen by an approaching motorist when 32 feet distant from the highway. From that point, she continued her speed and entered the highway. Miller testified she came into the highway in line with the driveway directly in front of his car. Plaintiffs contend the child had entered the highway, turned east, and had advanced about 52 feet down the highway when struck by Miller’s car. The trial court resolved this conflict of testimony in favor of the defendant, pointing out that the bicycle was struck on its side and not from the rear as would have been the case if the bicycle had been proceeding ahead of the car.
Plaintiffs urge the application of the last-clcar-chance doctrine and contend Miller had such chance to avoid the accident but nevertheless failed to do so. In giving effect to this doctrine three crucial facts must be established. First, plaintiff must be in a position of peril of which he is unaware or from which he is unable to extricate himself; second, he must show that defendant actually discovered or should have discovered plaintiff’s peril; and, third, at the time defendant actually discovered or should have discovered plaintiff’s peril, defendant must have a reasonable opportunity to avoid the accident. These are matters of fact and the burden is upon those relying upon the doctrine’s application.
When the child left the driveway and entered the highway in front of Miller’s oncoming car, she was obviously in a position of peril, confronted with a danger which she probably did not realize and from which it is reasonable to conclude she could not extricate herself. However, the important question is whether the motorist discovered or should have discovered the child’s peril at a time when he had a reasonable opportunity to avoid the accident. This, also, is a factual matter resolved by the trial court in the defendant’s favor.
From the evidence, the court concluded that Miller saw the child when she was descending the driveway at a point 32 feet from the highway, when he was 93 feet from that point. At a speed of 55 m. p. h., Miller would have traveled approximately 60 feet during a three-quarter-second reaction time before his brakes took effect. Thereafter, he skidded 33 feet to the point of impact. The car was new and the brakes were in excellent condition. What else he might have done is not shown by the record. Thus we conclude, as did the trial court, that Miller did everything possible to avoid the accident, but was unable to do so.
In urging upon us the application of the doctrine of last clear chance to the facts in the instant case, plaintiffs cite Reeves v. State Farm Mutual Automobile Ins. Co., 149 So.2d 230 (La.App., 2d Cir. 1963-cert. refused), and Biggs v. Verbois, 151 So.2d 172 (La.App., 1st Cir. 1963—writ denied).
These cases, upon their facts, are clearly distinguishable from the instant case. For instance, the Reeves case involved a collision between an automobile and a bicycle ridden by a 9-year-old boy at a T-intersection in Shreveport. This intersection was formed by Bernstein Street deadending at Midway Street. The child was proceeding northerly downgrade on Bernstein Street; the motorist, easterly on Midway. The motorist, who lived only three blocks west of the scene of the accident, and who had for a period exceeding three years traversed this route on numerous occasions, knew of his own knowledge that children often played in the street, notice of which fact was contained on a sign posted alongside the street. The hill on Bernstein Street, 91 feet to its crest, was frequently, to the motorist’s knowledge, used by children in the neighborhood as a form of playground. The motorist, for a distance of approximately 200 feet, had a clear view of the intersection and of Bernstein Street to the top of the hill, except for a very limited *519 space partially obstructed by a tree. Familiar with the location and that children frequently played in and near the streets, the motorist was under a duty to exercise extraordinary care, which we concluded he did not do.
The Biggs case involved a collision between an automobile and a bicycle at the intersection of Longfellow Drive and Evangeline Street in Baton Rouge. The car traveled 12 feet into the intersection and the child on the bicycle 14 feet to the moment of impact. Though the child was negligent in failing to observe a stop sign, the motorist made no observation of the child’s presence in or near the intersection and never saw the child until the moment of impact, or just as she hit her. The child obviously, because of the slower speed of her bicycle, had entered and was negotiating the intersection before the motorist reached it. Had the motorist maintained a proper lookout, she could have observed the child in the intersection at a time when she, the motorist, had time and opportunity to take evasive action and prevent the occurrence.
As heretofore pointed out, the accident in the instant case occurred in a sparsely settled rural community where the presence of children in or near the highway was not to be anticipated. The child was proceeding downgrade from a neighbor’s driveway at a rapid speed. Before beginning this operation, she directed the neighbor’s attention to her intended speed, whereupon she was merely admonished to be careful, not to be aware of highway traffic.
While the evidence is contradictory in some respects, it substantially supports the conclusions reached by the trial court. From our own review of the record, we not only fail to find any substantial basis for disagreement with the conclusions reached but are of the opinion they are correct; at least, there is no manifest- error.
The judgment appealed is accordingly affirmed at plaintiffs-appellants’ costs.
Affirmed.