HALL, Judge.
Velma Stewart brought this action for damages for personal injuries resulting from being struck by an automobile while she was crossing Veterans Highway on foot. The defendants are Mrs. Jacquelyn V. Tessitore, driver of the automobile, C. J. Tessitore, Jr., her husband, and American Guarantee and Liability Insurance Company, their public liability insurer. Judgment on the merits was rendered in plaintiff’s favor against all defendants in solido in the sum of $700.00 plus interest and costs. Defendants appealed. Plaintiff answered the appeal praying that the judgment be increased to the sum of $61,500.00 as prayed for.
The accident happened at about 4:30 P. M. on May 30, 1966 on Veterans Highway near its intersection with Labarre Road in Jefferson Parish. Veterans Highway in this vicinity runs in an east-west direction and is comprised of two three-lane roadways separated by a canal. Labarre Road is a two-lane street which runs in a north-south direction and intersects Veterans Highway at right angles. It crosses the canal dividing the roadways of Veterans Highway by means of a bridge which is furnished with a pedestrian walkway on its east or New Orleans side. Traffic at the intersection is completely uncontrolled and there are no markings or guidelines reserving or indicating a pedestrian lane across the highway and no form of pedestrian crossing warning was present.
Plaintiff was injured while attempting to cross the west bound lanes of Veterans Highway in a southerly direction from the sidewalk on the northeast corner of the intersection to the pedestrian walk of the Labarre Road bridge, it being her intention to catch a bus to New Orleans on the other side of the highway. As plaintiff was crossing a Ford automobile driven by Mrs. Tessitore was approaching the intersection travelling in a westerly direction in the southernmost or neutral ground lane of the roadway. The weather was overcast and it was commencing to drizzle. Plaintiff *586 had crossed two of the traffic lanes in safety but just as she stepped over the line between the middle and the southernmost lanes her body came in contact with the right front headlight of the Ford automobile. Her body rolled up over the hood, struck and shattered the right side of the windshield, and slid to the ground on the driver’s side of the car.
Plaintiff and Mrs. Tessitore were the only witnesses who testified relative to the accident. The Trial Judge found that both testified to the best of their knowledge and recollection and stated that he had no doubt as to the credibility of either of them.
Plaintiff testified that she had crossed the highway at this point for about nine years and knew it to be a dangerous crossing; that she permitted two west bound cars to pass before she stepped into the roadway; that she crossed the highway “swiftly” and that she was struck “about four steps” from the other side. She stated there was not a lot of traffic at that time but she testified she saw Mrs. Tessi-tore’s car. “I saw her car a distance and then after I didn’t know nothing else. I was knocked out.”
. Plaintiff’s testimony as a whole is so extremely vague and confusing as to lack very much probative value. In spite of intensive questioning it is impossible to tell from her testimony whether she first saw the Tessitore car approaching before she began crossing or whether she saw it as she was crossing over. It is also impossible to tell how far away the car was when she first saw it. She testified “I saw the car coming, but it was further enough not to hit me away.” She also testified “I recall the car a distance away from me, but I don’t know how far it was * * *” She claims that she continued to look at the defendant’s vehicle at all times until she was struck. On the other hand, plaintiff also testified that if she had seen defendant’s vehicle before entering the southernmost lane she would have stopped and tried to get out of its way. Plaintiff had no idea of Mrs. Tessitore’s speed at the time of the accident nor how far the vehicle travelled after the accident.
Mrs. Tessitore testified that she was driving alone in the southernmost or neutral ground lane of the westbound roadway of the highway; that she had been travel-ling at 30 to 35 miles per hour but there were two or three cars ahead of her and when one of them made a left turn onto the Labarre Road bridge she had to slow down almost to a stop; that when she started up again she had to shift into second gear and was going very slowly in second gear when the accident occurred; that her attention was occupied with the cars in front of her and she did not see plaintiff until she was about three feet away; that plaintiff was standing still in the road looking the other way and then rushed forward all of a sudden; that she slammed on her brakes but the next thing she knew plaintiff’s body crashed into her windshield and rolled off the left side of her car. Mrs. Tessitore further testified that her car came to a stop in the west half of the intersection blocking traffic over the bridge. It was still in the neutral ground lane of the highway. When she got out of her car plaintiff’s body was on the ground by the car door.
We are of the opinion that plaintiff was clearly guilty of negligence. She was involved, as the Trial Judge put it, in a “very perilous undertaking.” In such circumstances plaintiff was charged with the duty of observing the Tessitore automobile as it was approaching as well as its distance away. She was charged with seeing what she could have seen. That she made none of these observations is clear from her total inability to testify at the trial concerning the speed of the car as it approached or the distance of the vehicle from her at various points as she crossed over.
If in fact plaintiff did see defendant’s car approaching and kept her eyes upon it until the actual impact, as she testified, she *587 could not have failed to realize she would be struck if she kept walking.
The Trial Judge rendered judgment in plaintiff’s favor on the ground that in his opinion Mrs. Tessitore had the last clear chance of avoiding the accident. Plaintiff-appellee rests her case exclusively on this doctrine which in itself constitutes an admission of negligence on plaintiff’s part.
“* * * The rule of ‘the last clear chance’ or ‘discovered peril’ applies to both parties who are involved in an accident. In 38 Am.Jur. Negligence, Sec. 227, that thought is expressed as follows : ‘As graphically stated by some authorities, the doctrine of discovered peril is a two-edged sword, applicable equally to the rights of a defendant and those of a plaintiff’ * * *” Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4, 8.
We are of the opinion that Mrs. Tessitore was guilty of negligence in not seeing plaintiff in time to avoid the accident, but we are likewise of the opinion that if plaintiff was watching the car as she should have been and as she so testified she would have been able to escape from her peril at any time up to the moment of impact by simply stopping and letting the car pass by. She had at least as great an opportunity to avoid the accident as did Mrs. Tessitore. Under the circumstances the last clear chance doctrine is inapplicable. See Glatt v. Hinton, La.App., 205 So.2d 91, 94.
We are of the opinion that plaintiff’s contributory negligence bars her recovery.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of the defendants, Jacquelyn V. Tessitore, C. J. Tessitore, .Jr., and American Guarantee and Liability Insurance Company and against the plaintiff, Velma Stewart, rejecting said plaintiff’s demands and dismissing her suit; all costs of both courts to be borne by plaintiff-ap-pellee.
Reversed and rendered.