SAMUEL, Judge.
This is an appeal from a judgment awarding $7,927.75 for personal injuries and special damages incurred by appellee as the result of an automobile collision.
Both drivers filed separate suits. Henry Milton Evans sued Robert E. Johnson, a New Orleans Police Department employee, the department’s insurer, the City of New Orleans and its insurer. Johnson sued Evans and his liability insurer, Allstate Insurance Company. Evans repleaded his claim in a reconventional demand filed in the latter proceeding. The cases were consolidated for trial.
*286 After a trial on the merits the lower court rendered judgment in favor of Evans and against Johnson individually on a finding that he had been guilty of negligence which was the sole proximate cause of the accident. Johnson’s insurers were absolved of liability on a finding that he was not on duty at the time the accident occurred. From this judgment only Johnson has appealed and the only issue presented for determination by us is whether the trial court’s finding of negligence was correct.
The accident occurred in the intersection of North Broad Avenue and St. Philip Street in New Orleans at 9:30 a. m. during a rain. North Broad, the superior street, is a six lane traffic artery, divided by a neutral ground, with one roadway for traffic moving in a northerly or uptown direction and the other for southbound traffic. A stop sign controls St. Philip traffic before it enters Broad.
The testimony of Evans and his guest passenger was to the following effect: Evans was driving in an easterly direction or toward the river on St. Philip. He stopped at the entrance to North Broad and waited for traffic to clear. As he looked into the southbound roadway, the direction from which the Johnson car ultimately approached, he noticed traffic had stopped for a red light at the corner of Ursulines Avenue, a street one block north of and parallel to St. Philip. The only vehicle moving toward him on North Broad in the block between St. Philip and Ursulines was a truck which was traveling in the neutral ground lane. Thinking it would pass the St. Philip intersection, Evans started to cross North Broad when the truck had almost reached the intersection. However, the truck turned left into the neutral ground break for which Evans was headed, partially blocking the break. Evans pulled his car partially into the break but he was forced to stop with the back half of his car extending into the neutral ground lane of southbound North Broad traffic. As both Evans and the truck driver waited for northbound Broad Avenue traffic to clear, and after they had been in this stopped position for several moments, Evans’ car was hit by the Johnson vehicle. The front of the Johnson car hit the left rear door and fender of the Evans automobile. The impact rocked the Evans car to the right, throwing the passenger out of the car and the driver across the front seat to the right door.
Johnson’s testimony is that Evans entered the intersection from St. Philip without stopping his vehicle and darted into his path. He first saw the other car when he was 30 feet from the intersection. He applied his brakes but did not have enough time to avoid the collision.
The point of impact was fixed by both drivers as the center of the southbound Broad Avenue roadway. The police officer who intestigated the accident, and who was called by Johnson as a witness, also first testified the impact was in the center. He further stated the Evans vehicle moved 30 feet from the point of impact toward the neutral ground break and finally came to rest with the back end extending only slightly into the southbound neutral ground lane of North Broad. When it was pointed out to him the entire roadway was only 32 feet wide from curb to neutral ground and the distance between the impact point and the place where the car finally stopped was less than 20 feet, he changed his testimony. This time he fixed the point of impact 6 feet from the sidewalk curbing.
The reasons for judgment dictated at the conclusion of the trial make it clear that the trial judge accepted the account given by Evans and his passenger as the more credible. Our review of the testimony leads us to the same conclusion.
On this factual finding the trial judge applied the doctrine of last clear chance in determining that Johnson’s negligence was the sole proximate cause of the accident. For last clear chance to apply the litigant relying thereon must establish: (1) he was in a position of peril of which he was not aware or from which he could *287 not extricate himself; (2) the other motorist either actually discovered, or by the exercise of reasonable care, caution and observation should have discovered, such position of peril; and (3) when the other motorist discovered or should have discovered the peril he could have avoided the accident by the exercise of reasonable care. Glynn v. Duvernay, La.App., 217 So.2d 787; Sittig v. Allstate Insurance Company, La.App., 216 So.2d 692; Goodman v. Southern Farm Bureau Cas. Ins. Co., La.App., 216 So.2d 881; Richard v. Southern Farm Bureau Casualty Ins. Co., La.App., 212 So.2d 471; Kwong Lim Lee v. Allstate Insurance Company, La.App., 209 So.2d 516; Fletcher v. Berard, La.App., 198 So.2d 519; Vidrine v. American Employers Insurance Company, La.App., 189 So.2d 727; Burnett v. Marchand, La.App., 186 So.2d 383; Emmco Ins. Co. v. Employers Mut. Liabil. Ins. Co. of Wis., La.App., 150 So.2d 338.
In this case Evans attempted to cross from his position of safety on a less favored street into a neutral ground break without first making certain he could complete the maneuver. When the truck turned in front of him he was forced to stop with the back half of his car extending into the neutral ground lane of southbound North Broad traffic. He was not aware of danger from the approaching Johnson vehicle until he was hit; and even if he had been aware of that approaching car, he would have been unable to extricate himself from his position of peril. As Johnson had been stopped by a red light one block away, it is apparent the Evans car was partially blocking his path during the entire time, or during most of the time, Johnson traveled the one block distance between Ursulines and St. Philip. Had Johnson exercised reasonable caution by keeping a proper lookout, he would have been aware of Evans’ peril and could have avoided the collision by either stopping or passing to the rear of the Evans car. Thus the three elements necessary for the application of the doctrine of last clear chance are present and, as found by the trial judge, Johnson is liable under that doctrine.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.