This is a suit for damages and personal injuries arising out of an intersectional collision at South Clark Street and Tulane Avenue in the city of New Orleans. The accident occurred at approximately 10:30 a. m. on June 17, 1966.
Plaintiff was driving his automobile on South Clark in the direction of downtown. South Clark is a two-way, two lane street controlled by a stop sign. Tulane is the favored street and is a six-lane avenue divided by a neutral ground. It has three inbound lanes and three outbound lanes with an additional parking lane on each side. Defendant was traveling in the left or neutral ground lane in the outbound side of Tulane so that he approached the intersection from plaintiff’s right.
Plaintiff’s version of the accident is that he sighted defendant stopped at a traffic light at Jefferson Davis Parkway and Tulane which is a block away from the scene of the collision at which time he, the plaintiff, was stopped for a stop sign on South Clark. He then proceeded across the intersection at a speed of between 20-25 miles per hour. He testified that when he crossed the inbound lane of Tulane Avenue, an automobile was approaching from his left. When plaintiff’s automobile reached the center of the neutral ground, defendant was already in the middle of the block proceeding outbound at approximately 45 miles per hour; however, plaintiff continued across Tulane because of traffic approaching from his left on the inbound lane.
Plaintiff contends that the defendant had the last clear chance to avoid the accident, since the defendant was traveling in the left or neutral ground lane of Tulane which lane plaintiff had completely cleared at the time of impact. He contends that had the defendant remained and continued in the left traffic lane instead of veering to the right into the center lane, the collision would have been avoided.
Defendant’s version of the accident is that when he saw plaintiff negotiating the inbound lanes of Tulane from South Clark, he was less than halfway down the block between Jefferson Davis Parkway and South Clark (a short block) traveling between 30 and 35 miles per hour. Plaintiff, traveling at about 20 miles per hour across Tulane, seemed to stop momentarily near the neutral ground but then continued across. As plaintiff reached the neutral ground, defendant was only about one and one-half or two car lengths away. When plaintiff’s car appeared as though it would continue across the intersection and defendant realized plaintiff wasn’t going to stop, he immediately sounded his horn, applied his brakes and turned his wheel to the right, all almost simultaneously. Defendant testified that he realized an accident was impending, and he tried to do everything to avoid it.
The point of impact was approximately the center lane of traffic. Defendant in swerving his wheel to avoid impact moved partially out of the left-hand lane of Tulane *482 toward the center. He testified he did not have adequate room in the left lane to continue through without colliding with the other vehicle. Defendant’s testimony indicated that at the time of impact a portion of plaintiff’s vehicle was straddling all three lanes.
The exhibits reveal that the right rear of plaintiff’s vehicle was struck. The damage to the vehicle was $150.72.
The issue before us is whether the trial court’s findings of fact are manifestly erroneous.
In dismissing the suit, the trial judge accepted defendant’s version of the accident as more plausible; we agree with this conclusion. The record clearly reveals that the accident was caused solely by the negligence of plaintiff in proceeding across a favored street with automobiles visibly approaching from both directions.
It is our opinion that defendant, who was traveling at a legal speed on a favored street, having seen plaintiff stopped at a stop sign on the unfavored street, had a right to assume that the plaintiff would either remain at the stop sign, or upon reaching the neutral ground, yield to outbound traffic traveling on Tulane Avenue. Plaintiff was under the legal duty to remain in a position of safety until defendant crossed the intersection. Bell v. Duplessis, 150 So.2d 114 (La.App. 4th Cir. 1963).
In view of the facts, we find no merit in defendant’s contention that the doctrine of last clear chance is applicable. What this court said regarding that doctrine in Scott v. Glazer, 164 So.2d 185, 187 (La. App. 4th Cir. 1964) is significant:
“A litigant relying upon the doctrine of last clear chance has the burden of proving all facts and circumstances essential to its application. Pate v. State Farm Mutual Automobile Ins. Co., La.App., 147 So.2d 766; Phares v. Biggs, La.App., 135 So.2d 507; Fontenot v. Travelers Indemnity Company, La.App., 134 So.2d 330; Lawrence v. Core, La.App., 132 So.2d 82; Franicevich v. Lirette, 241 La. 466, 129 So.2d 740. Before the doctrine can be successfully invoked three essential facts must be established: (1) that the person invoking the doctrine was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that the person against whom the doctrine is invoked actually discovered or was in a position where he could and should have discovered such other person’s peril; and (3) that at such time the person against whom the doctrine is invoked could have avoided the accident with the exercise of reasonable care. Sonnier v. Great American Insurance Company, La.App., 134 So.2d 363; Lavigne v. Southern Farm Bureau Casualty Ins., Co., La.App., 125 So.2d 430; Clark v. Shannon, La.App., 120 So.2d 307; Wells v. Meshell, La.App., 115 So.2d 648; Moore v. Shreveport Transit Company, La.App., 115 So.2d 218; Newton v. Pacillo, La.App., 111 So.2d 895.”
Under the facts of this case plaintiff has not established that the defendant driver had the means of avoiding the accident by the exercise of reasonable care after he was in a position where he could and should have discovered plaintiff’s peril. We are satisfied from our reading of the record that at the time he could have discovered plaintiff’s peril, defendant had insufficient time to do anything except sound his horn, apply his brakes and try to turn his wheel in such a manner as to avoid impact. Defendant did all three of these things and acted, in our opinion, reasonably prudent under the circumstances. Litton v. Samuel, 98 So.2d 534 (La.App. 2nd Cir. 1957). Plaintiff having failed to prove facts essential to the doctrine of last clear chance, he cannot successfully invoke that doctrine, Lawrence v. Core, 132 So.2d 82 (La.App. 3rd Cir. 1961); Franicevich v. Lirette, 241 La. 466, 129 So.2d 740 (1961); Pate v. State Farm Mutual Automobile Insurance Co., 147 So.2d 766 (La.App. 1st Cir. 1962); Campisi v. Fidelity and Casualty Co. of New York, 152 So.2d 88 (La.App. 3rd Cir. *483 1963); Evans v. Johnson, 236 So.2d 285 (La.App. 4th Cir. 1970); Coleman v. Mason, 174 So.2d 655 (La.App. 3rd Cir. 1965); Jones v. Dozier, 160 So.2d 395 (La.App. 1st Cir. 1964); Kwong Lim Lee v. Allstate Insurance Company, 209 So.2d 516 (La.App. 2nd Cir. 1968).
Accordingly, we are of the opinion that plaintiff’s negligence was the sole and proximate cause of the accident and that the defendant did not have the last clear chance to avoid the collision. We, therefore, find no manifest error by the trial court.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.