GULOTTA, Judge,
dissenting.
I dissent.
The record supports the trial judge’s findings that defendant-driver, William N. Morgan, was negligent in failing “to see what he could or should have seen” and that Morgan had the last clear chance to avoid the accident. Moreover, the evidence leads me to conclude further, as the trial judge apparently did, that the contributorily negligent pedestrian, Henry H. Baumgartner, did not have such a last clear chance. Accordingly, I would affirm the lower court’s finding of liability.
Elmon F. Randolph, an expert in accident investigation and reconstruction upon whom the trial judge relied, stated that Canal Boulevard, at the location of the accident, was 28'3" wide. Canal Boulevard consisted of two marked lanes of traffic running toward the lake and a “parking lane” on the side opposite the neutral ground. Randolph testified that an approaching motorist with an unobstructed view should have seen a pedestrian crossing the street when the pedestrian had reached a point approximately 6 feet into the roadway, i. e., a point beyond the parking lane. According to this expert, an observant driver traveling at Morgan’s speed would have *279 seen the pedestrian at a distance of 158 feet to 237 feet from the point of impact. This computation is based on the walking speed of a pedestrian of 2xh to 3 miles per hour and the location of the accident approximately 6 feet from the neutral ground. According to Randolph, if impact occurred within 2 to 3 feet of the neutral ground, the estimated distance traversed by the vehicle, under similar circumstances, would be approximately 189 to 281 feet. Randolph testified that the stopping distance of a car traveling at a 30 to 31 mile-per-hour speed would be approximately 74 feet.
Morgan, on the other hand, testified that he was traveling at a speed of between 30 and 35 miles per hour and did not see Baumgartner until the pedestrian was at an approximate distance of 10 to 15 feet in front of Morgan’s vehicle. According to Morgan, Baumgartner at that time was located upon or slightly left of the center line of the roadway and defendant’s vehicle had just entered the intersection. Morgan testified that he slammed on his brakes and blew his horn immediately upon seeing the pedestrian but was unable to stop before striking him.
In view of this testimony, it was reasonable for the trial judge to conclude Morgan was negligent in failing to see the pedestrian attempting to cross Canal Boulevard when he, Morgan, had reached a minimum distance of 189 feet from the point of impact. If Morgan had maintained a proper lookout, he could have averted the accident by either slowing his vehicle or making a timely stop.
The record also supports the trial judge’s implicit finding of decedent’s contributory negligence. Decedent moved from a position of safety into the path of approaching traffic (although at a minimum distance of 189 feet) and was apparently oblivious to the automobile, with headlights on, bearing down on him. Decedent’s failure to observe the oncoming traffic constitutes contributory negligence which continued until the time of impact.
The evidence, however, also provides a reasonable basis for the conclusion that defendant-driver had the last clear chance to avoid the accident. For this doctrine to be applicable, a plaintiff must show that: 1) the pedestrian was in a position of peril of which he was unaware or from which he was unable to extricate himself; 2) the driver should have,[1] using reasonable care, discovered the pedestrian’s peril; and, 3) the driver had a reasonable opportunity, at the time he should have discovered the peril, to avoid the accident. Pennino v. Ebeling, 255 So.2d 480 (La.App. 4th Cir.1971); Kontomitras v. New Orleans Public Service, Inc., 314 So.2d 441 (La.App. 4th Cir.1975).
A pedestrian (such as Baumgartner) who is, albeit negligently, oblivious to traffic traveling toward him is in a position of peril. Jackson v. Cook, 189 La. 860, 181 So. 195 (1938); Rottman v. Beverly, 183 La. 947, 165 So. 153 (1935). Defendant testified that the pedestrian did not turn or look in the direction of the automobile despite the noise from the brakes and horn. The pedestrian continued to walk in a normal fashion, apparently oblivious to the impending danger.
If the driver had been attentive, the pedestrian’s peril would have been discoverable. Morgan could have either slowed his vehicle or stopped in time to avoid the accident. Under the apparent peril doctrine, Morgan had the last clear chance to avoid the accident. As the Louisiana Supreme Court stated in Guilbeau v. Liberty Mutual Insurance Company, 338 So.2d 600, 604 (La.1976):
“Under Louisiana jurisprudence, an operator of a vehicle or heavy equipment who observes, or who should by the exercise of reasonable care have observed, a pedestrian in a position of peril of which *280 the latter is apparently unaware, is responsible for injuries caused when his vehicle strikes the pedestrian in his path, despite any contributory negligence on the part of the latter; providing that, after the duty to make such observation arose, the operator could reasonably have avoided the accident.”
See also Pierre v. Landry, 341 So.2d 891 (La.1977).
In addressing the issue of the pedestrian’s last clear chance, I am mindful that the doctrine of last clear chance is a “two-edged sword” which may be used by the defendant to bar recovery by the plaintiff, if the latter also had the last clear chance to avoid the accident. Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4 (1952); Glatt v. Hinton, 205 So.2d 91 (La.App. 4th Cir.1967), writ refused, 251 La. 861, 206 So.2d 712 (1968); Stewart v. Tessitore, 222 So.2d 584 (La.App. 4th Cir.1969). The crucial test in such cases is whether the con-tributorily negligent plaintiff had an equal or better opportunity to avoid the accident than did the negligent defendant.
Applying this rule to the facts of our case, I conclude that Baumgartner did not have the last clear chance to avoid the accident. It is more probable than not that Baumgartner’s senses were dulled; and I distinguish, therefore, the facts of the instant case from those in Bergeron, supra,[2] and Glatt, supra.[3] Morgan testified that Baumgartner had appeared intoxicated at the time of the accident. Both Morgan and the police officer investigating the scene immediately following the accident testified that they had smelled whiskey on Baum-gartner’s breath. The record also reveals that the pedestrian had an opened whiskey bottle on his person at the time of impact, and that he had a history of drinking. Though the testimony does not indicate that Baumgartner was staggering as he crossed the street,[4]1 conclude that this post-collision evidence of alcohol consumption demonstrates that the pedestrian did not have the capability to avoid the accident. Unlike the plaintiffs in Bergeron and Glatt, he was not a sober pedestrian or cyclist who merely failed to look up at the car approaching him. Under the circumstances, I conclude that Baumgartner did not have the last clear chance to avoid the accident.
For the foregoing reasons, I respectfully dissent from the majority’s reversal of the trial court’s judgment.

. The “apparent peril” or “unconscious last clear chance” doctrine is well-established in Louisiana jurisprudence. Jackson v. Cook, 189 La. 860, 181 So. 195 (1938); Fontenot v. Freudenstein, 199 So. 677 (La.App. Orl.1941); Franicevich v. Lirette, 241 La. 466, 129 So.2d 740 (1961); Haas v. Southern Farm Bureau Casualty Insurance Company, 321 So.2d 380 (La.App. 4th Cir.1975), writ refused, 323 So.2d 133 (La.1975).

. Where a plaintiff child on a bicycle was determined to have the last clear chance.

. Where a plaintiff pedestrian with an umbrella also had the last clear chance.

.See Jackson v. Cook, supra, where plaintiff pedestrian was a staggering drunk.